IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

MICHAEL CARMIE ANTONELLI                                   PETITIONER

v.                              NO. 2:05CV00314 WRW/JFF

LINDA SANDERS,
Warden, FCI Forrest City,
Arkansas                                                  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

District Judge, you must, at the same time that you file your written objections, include

the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District
         Judge (if such a hearing is granted) was not offered at the
         hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the
         hearing before the District Judge in the form of an offer of
         proof, and a copy, or the original, of any documentary or
         other non-testimonial evidence desired to be introduced at
         the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2241.[1]  For the reasons that follow, the Magistrate Judge undersigned

---

[1]  This petition is the sixth § 2241 petition filed by Petitioner in this Court in the
last ten months.  Four of the petitions have been dismissed.  Antonelli v. Sanders, No.
2:05CV00044 SWW (E.D. Ark. Nov. 29, 2005) (dismissing petition challenging
sentencing court's restitution order); Antonelli v. Sanders, No. 2:05CV00206 JFF (E.D.
Ark. Nov. 7, 2005) (dismissing petition seeking job placement in UNICOR); Antonelli v.
Sanders, No. 2:05CV00207 WRW/HLJ (E.D. Ark. Sept. 6, 2005) (dismissing petition as
duplicative of 2:05CV00206); Antonelli v. Gaines, No. 2:05CV00261 JFF (E.D. Ark.
Dec. 7, 2005) (dismissing petition challenging United States Parole Commission's

recommends that the petition be summarily dismissed.

Petitioner is incarcerated at the Federal Correctional Complex in Forrest City, Arkansas ("FCC").  He is serving a seventy-two month federal sentence for bank robbery.  In his § 2241 petition, Petitioner claims that the Warden at the FCC, Linda Sanders, and unit staff are infringing upon "his constitutional rights to petition for redress," impairing and impeding at every level "his rights to grieve," and failing to abide by the Federal Bureau of Prisons' "policies on administrative remedy procedure." Petitioner alleges, *inter alia*, that prison staff, in violation of the policies on administrative remedy, do not answer inmate requests to staff members, respond to informal remedy requests, notify inmates if his "remedy is filed," make themselves available to obtain the required forms, or stock enough forms to pass out.   Petitioner also asserts that it is the policy, custom, and practice at the FCC "to frustrate, impair, impede, and outright obstruct the ordinary justice and access to the grievance procedures and to procrastinate, evade, spin, and discourage inmate[s] to use the process. . . ."  He further alleges that staff "harass, intimidate, threaten, retaliate and outright embarrass one and humiliate them when they want to file a grievance," and "scream and yell at you if you continue to file administrative remedies." Petitioner alleges that "[r]eprisal is the response to those who file administrative remedy requests or complaints and against those who assist others in drafting administrative requests and complaints."  Petitioner requests that this Court enter a protective order directing

failure to execute a parole violator warrant lodged against Petitioner as a detainer). One petition, which challenges the Federal Bureau of Prisons' calculation of Petitioner's good time credits, is still pending. Antonelli v. Sanders, No. 2:05CV00224 JTR (E.D. Ark.).

the Warden to "stop all harassment, embarrassment, humiliation, intimidation, reprisal, and retaliation of his person by the warden and her subordinates . . . ."

Petitioner is challenging the conditions of his confinement, not the fact or duration of his custody.  While the function of habeas relief typically "is to obtain release from the duration or fact of present custody," Wajda v. United States of America, 64 F.3d 385, 389 (8th Cir. 1995), the Eighth Circuit has held that a federal prisoner may seek habeas relief to challenge conditions of his confinement, provided that he alleges ""a substantial infringement of a constitutional right."" Albers v. Ralston, 665 F.2d 812, 815 (8th Cir. 1981) (quoting Willis v. Ciccone, 506 F.2d 1011, 1019 (8th Cir. 1974)).

A federal habeas corpus petition is required to "specify all the grounds for relief available to the petitioner " and  "state the facts supporting each ground." See Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; Mayle v. Felix, 125 S. Ct. 2562, 2570 (2005).  "'If it plainly appears from the petition [and any attached exhibits] that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." Mayle v. Felix, 125 S. Ct. at 2570 (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).   Habeas Rules 2 and 4 are applicable to § 2241 petitions through Rule 1(b). Christian v. Holt, 2005 U.S. Dist. LEXIS 31054 at 2 (M.D. Pa. Nov. 8, 2005); Hairston v. Nash, 2005 U.S. Dist. LEXIS 24172 at 3-4 (D.N.J. Oct. 14, 2005). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." McFarland v. Scott, 512 U.S. 840, 856 (1994);  Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  To avoid summary dismissal, a petitioner must "'state facts that point to a real possibility of

constitutional error.'" <u>Mayle v. Felix</u>, 125 S. Ct. at 2570 (quoting Advisory Committee's Note on Habeas Corpus Rule 4); <u>Franklin v. Rose</u>, 765 F.2d 82, 85 (6th Cir. 1985); <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1096 (1991).

Petitioner's claims that Warden Sanders and prison staff are impeding or obstructing his access to the prison administrative grievance process and are violating the BOP's policies on administrative remedy procedure do not implicate the Constitution. "[T]he federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain the grievance." <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991) (affirming denial of federal prisoner's <u>Bivens</u>-type complaint against the case manager coordinator and the warden of the FMC alleging that they denied the prisoner his right of access to the prison's administrative remedy procedure). <u>See also</u> <u>Buckley v. Barlow</u>, 997 F.2d 494, 495-96 (8th Cir. 1993); <u>Shell v. Brzezniak</u>, 365 F. Supp. 2d 362, 370 (W.D.N.Y. 2005); <u>Lim v. Stanley</u>, 2005 U.S. Dist. LEXIS 14838 at 10 (D.N.H. July 22, 2005). Inmates have no constitutional right to access to a prison grievance procedure. <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994), <u>cert. denied</u>, 514 U.S. 1022 (1995); <u>Barfield v. United States Department of Justice</u>, 2005 U.S. Dist. LEXIS 3882 at 8-9 (D.D.C. March 8, 2005); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.), <u>cert. denied</u>, 488 U.S. 898 (1988). In addition, an allegation that prison officials violated prison grievance procedures does

not a state a constitutional violation. Shell, 365 F. Supp. 2d at 370.  See also  Kramer v. Jenkins, 806 F.2d 140, 142 (7th Cir. 1986) ("violation of an administrative rule is not the same thing as the violation of the Constitution"); Ramos v. Gilkey, 1997 U.S. Dist. LEXIS 5244 at 5 (N.D. Ill. April 17, 1997) (the "BOP can violate a federal regulation without violating the Constitution"); Gibson v. Federal Bureau of Prisons, 2004 U.S. App. LEXIS 27192 at 4 (5th Cir. Dec. 30, 2004) (" violation of a prison regulation without more does not state a constitutional violation").

Petitioner alleges that staff "harass, intimidate, threaten, retaliate and outright embarrass one and humiliate them when they want to file a grievance," and "scream and yell at you if you continue to file administrative remedies." Petitioner also alleges that "[r]eprisal is the response to those who file administrative remedy requests or complaints and against those who assist others in drafting administrative requests and complaints." Although a retaliation claim is cognizable in certain circumstances, such as when a prison official files a false disciplinary charge against an inmate in retaliation for his use of prison grievance procedures,[2] such a claim is properly dismissed if the allegations of retaliation are speculative and conclusory and the inmate fails to allege sufficient facts upon which a retaliatory animus can be inferred. Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996).  Petitioner's allegations concerning retaliation by prison staff are non-specific, speculative, and conclusory and do not state sufficient facts upon which a retaliatory animus can be inferred.  His allegations do not point to a real possibility of constitutional error and certainly do not show a substantial infringement

---

[2]  Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994).

of a constitutional right.

In conclusion, the Magistrate Judge finds that Petitioner has failed to state facts pointing to a real possibility of constitutional error or of a substantial infringement of his constitutional rights. Accordingly, the Magistrate Judge recommends that Petitioner's § 2241 petition be summarily dismissed with prejudice.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be summarily dismissed with prejudice.

Dated this 12th day of December, 2005.


_____
UNITED STATES MAGISTRATE JUDGE